UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MATEEM HUDSON,

    Plaintiff,

v.

CORECIVIC et al.,

    Defendants.

Case No. 3:21-cv-00319

Judge Aleta A. Trauger
Magistrate Judge Alistair E. Newbern

## MEMORANDUM ORDER

This Order addresses several pending motions filed by pro se Plaintiff Mateem Hudson in this civil rights action arising from Hudson's incarceration at Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee. Hudson has filed a motion for leave to file an amended complaint (Doc. No. 10), a motion to appoint counsel (Doc. No. 2), and a motion to compel production of documents from Defendant CoreCivic, Inc. (Doc. No. 11). The defendants have not responded to the motions. For the reasons that follow, Hudson's motion for leave to file an amended complaint will be granted, his motion to appoint counsel will be administratively terminated, and his motion to compel production of documents will be denied.

**I.    Motion for Leave to File an Amended Complaint**

    **A.    Background**

On July 14, 2021, the Court granted Hudson's motion to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c). (Doc. Nos. 8, 9.) The Court found that Hudson had stated colorable negligence and Eighth Amendment conditions-of-confinement claims against Defendants CoreCivic, Inc., and against Defendants Unit Manager Dana Thomas and Warden Raymond Byrd in their individual capacities.

(Doc. No. 8.) Those claims were allowed to proceed for further development, and all other claims and defendants were dismissed, including Hudson's claim for deliberate indifference to his serious medical need for hernia treatment. (Doc. Nos. 8, 9.) The deliberate indifference claim was dismissed as untimely because Hudson's complaint stated that his hernia first appeared outside the one-year statute of limitations, he "d[id] not identify any specific instances of a defendant refusing to provide medical care for his alleged hernia, and the allegation that COVID-19 'exacerbated' his hernia is entirely conclusory." (Doc. No. 8, PageID# 54 (quoting Doc. No. 1, PageID# 9).)

On August 2, 2021, Hudson filed a motion to amend the complaint to reinstate his claim that TTCC officials were deliberately indifferent to his serious medical need for hernia treatment. (Doc. No. 10.) Hudson seeks to plead additional facts in support of that claim and to name Dr. Terrance Levach, who denied Hudson's request for hernia treatment, as an additional defendant. (Doc. No. 10.) Hudson also filed a collection of documents relating to his requests for treatment of his hernia and other communications with TTCC officials. (Doc. No. 10-1.)

**B.     Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it

would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing *de novo* district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "'manifests "liberality in allowing amendments to a complaint."'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

**C.     Analysis**

The documents attached to Hudson's motion to amend indicate that Hudson placed sick call requests related to treatment of his hernia on September 11, 2020, and October 23, 2020. (Doc. No. 10-1.) Based upon these documents, Hudson may be able to allege additional facts about his hernia-related claims that would render the claims timely. Allowing Hudson to plead additional facts in support of his hernia-related claims would "afford[ ] [him] an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Further, when Hudson filed his motion to amend the complaint, no defendants had been served or appeared and no answer had yet been filed. Therefore, Hudson could amend his complaint as a matter of right. Fed. R. Civ. P. 15(a).

Although granting leave to amend his complaint is appropriate here, Hudson's motion to amend does not comply with Local Rule 15.01, which requires that a motion to amend must include as an appended exhibit the signed proposed amended pleading that restates the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections. M.D. Tenn. R. 15.01 (motions to amend pleadings). Therefore, Hudson's motion for leave to file an amended complaint is GRANTED, but Hudson must now file an amended complaint that

complies with this Court's local rules. Hudson is ORDERED to file a signed amended complaint that meets these requirements by February 2, 2022.

## II.     Motion to Appoint Counsel

In its initial screening order, the Court found that Hudson's motion to appoint counsel should be denied. (Doc. No. 8.) Accordingly, the Clerk of Court is DIRECTED to ADMINISTRATIVELY TERMINATE the motion. (Doc. No. 2.)

## III.     Motion to Compel Production of Documents

Hudson has also filed a motion to compel production of documents from CoreCivic. (Doc. No. 11.) Specifically, Hudson seeks a court order requiring CoreCivic to produce an address where the U.S. Marshals Service can effect service on Defendant Byrd. (*Id.*) The docket reflects that Byrd has since been served with process (Doc. No. 26) and has filed an answer to Hudson's complaint (Doc. No. 30). Accordingly, Hudson's motion to compel production of documents from CoreCivic, Inc. (Doc. No. 11) is DENIED AS MOOT.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge