UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MATEEM HUDSON,<br><br>    Plaintiff,<br><br>v.<br><br>CORECIVIC et al.,<br><br>    Defendants. | Case No. 3:21-cv-00319<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

    This action brought under 42 U.S.C. § 1983 arises from pro se Plaintiff Mateem Hudson's incarceration at the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee. (Doc. No. 36.) In screening Hudson's initial complaint, the Court "note[d] that there are two plaintiffs listed in the caption of the complaint: Mateem Hudson and Nathaniel Brinson[,]" but Brinson "did not sign the complaint . . . and there is nothing in the record reflecting that Brinson authorized Hudson to include him as a plaintiff in this case." (Doc. No. 8, PageID# 48.) The Court warned Hudson "that he cannot represent other inmates in federal court" and that, "[i]f Hudson continues to list other inmates as plaintiffs without their apparent authorization in this or any other case, [he] may be subject to sanctions." (*Id.* at PageID# 48–49.)

    Hudson has now filed a motion seeking to join Brinson as a co-plaintiff under Federal Rule of Civil Procedure 19, arguing that Brinson "has a[ ] legitimate interest in the outcome of the litigation, and [that,] in his absence, the court cannot accord complete relief" because Brinson is "a testifying witness for . . . Hudson[.]" (Doc. No. 33, PageID# 172.) Hudson has also filed an amended complaint that lists Brinson as a co-plaintiff but which is signed only by Hudson (Doc. No. 36.) Defendants CoreCivic, Inc., former TTCC Warden Raymond Byrd, and TTCC Unit

Manager Dana Thomas have responded in opposition to Hudson's motion for joinder, arguing that Brinson is not a required party under Rule 19 and that Hudson does not have authority to bring claims on Brinson's behalf. (Doc. No. 35.) For the reasons that follow, Hudson's motion for joinder will be denied, and the Court will not consider any claims represented as having been brought on Brinson's behalf.

## I. Legal Standard

Federal Rule of Civil Procedure 19 governs joinder of required parties to litigation. Fed. R. Civ. P. 19. The first step of the Rule 19 analysis requires the court to "determine whether a person is necessary to the action and should be joined if possible." *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1345 (6th Cir. 1993). Rule 19(a)(1) provides that a person "must be joined as a party if:"

> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A)–(B). "If the court determines that the person or entity does not fall within one of these provisions, joinder, as well as further analysis, is unnecessary." *Local 670, United Rubber, Cork, Linoleum & Plastic Workers v. International Union, United Rubber, Cork, Linoleum & Plastic Workers*, 822 F.2d 613, 618 (6th Cir. 1987).

## II. Analysis

Hudson argues that Brinson should be joined as a co-plaintiff because he is a potential witness without whose testimony Hudson may not be able to "properly argue and prove the merits

2

Case 3:21-cv-00319   Document 43   Filed 05/26/22   Page 2 of 4 PageID #: 391

of his claims." (Doc. No. 33, PageID# 173.) If Hudson wishes to seek testimony or other evidence from Brinson, the proper way to obtain that evidence is through the discovery process, not by making Brinson a party to the case. *See generally* Fed. R. Civ. P. 26–37. If the case proceeds to trial and Hudson requires Brinson's testimony, he may request a subpoena requiring Brinson to appear as a witness. Fed. R. Civ. P. 45(c)(1). A pro se handbook for prisoner civil rights actions that provides detailed information about discovery and other aspects of the civil litigation process is available on the Court's website and can be found at https://www.tnmd.uscourts.gov/content/pro-se-handbook-prisoner-civil-rights-actions.

Brinson's absence as a plaintiff does not prevent the Court from "accord[ing] complete relief among existing parties" on Hudson's claims. Fed. R. Civ. P. 19(a)(1)(A). The possibility that Brinson could bring his own claims against the defendants under § 1983 does not require Brinson to participate in this action. *See Sales v. Marshall*, 873 F.2d 115, 121 (6th Cir. 1989) ("Rule 19(a)(1) focuses 'on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person.'" (quoting *LLC Corp. v. Pension Benefit Guar. Corp.*, 703 F.2d 301, 305 (8th Cir. 1983)). Further, Brinson has not asserted any interest relating to the subject of Hudson's claims; indeed, there is no indication in the record that Brinson has indicated an interest in this action at all.

Because Brinson's absence does not prevent the Court from granting any potential relief available to Hudson, the motion for joinder will be denied.

Hudson's amended complaint lists Brinson as a plaintiff, but Brinson did not sign that complaint (Doc. No. 36) and there is nothing to show that Brinson intends to be a party to this case. The Court warned Hudson in screening his initial complaint "that he cannot represent other inmates in federal court" and that "list[ing] other inmates as plaintiffs without their apparent

3

Case 3:21-cv-00319   Document 43   Filed 05/26/22   Page 3 of 4 PageID #: 392

authorization" may result in sanctions. (Doc. No. 8, PageID# 48 (citing *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018)).) The Court recognizes that Hudson filed a motion to join Brinson before filing the amended complaint and will not impose sanctions against Hudson for listing Brinson as a plaintiff in the amended complaint; however, Hudson is warned that if he continues to file documents on behalf of other individuals, the Court may impose sanctions under Rule 11. *See Arnold v. Heyns*, No. 13-CV-14137, 2014 WL 7184546, at *5 (E.D. Mich. Dec. 16, 2014) (warning pro se plaintiffs that filing a pleading without each plaintiff's "personal signature would be a violation of Rule 11 and could result in sanctions, including monetary sanctions, an unfavorable ruling on the motion or pleading at issue, or even dismissal of their claims").

**III.     Conclusion**

For these reasons, Hudson's motion for joinder (Doc. No. 33) is DENIED. Hudson remains the only plaintiff in this action.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

4
Case 3:21-cv-00319   Document 43   Filed 05/26/22   Page 4 of 4 PageID #: 393