IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MATEEM HUDSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:21-cv-00319 |
| | ) Judge Aleta A. Trauger |
| CORECIVIC, INC. et al., | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

Before the court are *pro se* plaintiff Mateem Hudson's Objections (Doc. No. 84) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 81), which recommends that the Motion to Dismiss (Doc. No. 67) filed by defendants Tennessee Department of Correction (TDOC) and TDOC Assistant Commissioner Lee Dotson be granted. The Motion to Dismiss addresses only the federal claims asserted against TDOC and Dotson in the Amended Complaint (Doc. No. 36). The Magistrate Judge, besides recommending that those claims be dismissed, further recommends that Hudson's state law claims against TDOC and Hudson be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The defendants have filed a response in Opposition to the Objections. (Doc. No. 89.)

As set forth herein, the Objections will be overruled, and the R&R will be accepted in its entirety. The defendants' Motion to Dismiss will be granted, and all claims against defendants TDOC and Dotson will be dismissed. This ruling does not affect the plaintiff's claims against the other defendants named in the Amended Complaint.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Hudson, an inmate incarcerated at the Turner Trousdale Correctional Center ("TTCC"), initiated this lawsuit in April 2021 by filing a Complaint (Doc. No. 1) asserting 42 U.S.C. § 1983 and state law claims against various prison officials and CoreCivic, Inc., which operates TTCC. The court entered an order allowing some of the claims against some of the defendants to proceed. (Doc. Nos. 8, 9.) Hudson filed the Amended Complaint (Doc. No. 36) in March 2022, asserting numerous new claims against new defendants. As relevant here, the Amended Complaint asserts claims under § 1983 against TDOC and Dotson, based on allegations that they violated the plaintiff's civil rights while he was incarcerated at TTCC. In addition, the Amended Complaint asserts state law claims for negligent infliction of emotional distress ("NIED") against TDOC, intentional infliction of emotional distress ("IIED") against Dotson, and negligence claims against both. The claims against Dotson personally are premised entirely on allegations that Dotson upheld the denial of three prison grievances filed by Hudson. (Doc. No. 36, at 40, 47 68; *see also* Doc. Nos. 37-8, 37-9, 37-10.)

TDOC and Dotson filed their Motion to Dismiss, arguing that TDOC is absolutely immune from suit under 42 U.S.C. § 1983 pursuant to the Eleventh Amendment and that the Amended Complaint does not allege facts sufficient to establish Dotson's personal involvement in the alleged constitutional violations. (Doc. No. 68.) The plaintiff filed a Response to the Motion to Dismiss, as well as a supporting Memorandum (Doc. Nos. 74, 75), and the defendants filed a Reply (Doc. No. 77).

The R&R agrees with the defendants' arguments. In addition, however, recognizing that the Amended Complaint also purports to assert claims under state law, the Magistrate Judge recommends the dismissal of those claims under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2), 1915A. Under the PLRA, the district court has an ongoing obligation to

ensure that a pleading filed by a prisoner or an individual proceeding *in forma pauperis* does not include claims that are frivolous, malicious, or insufficiently pleaded or that seek monetary damages from a defendant who is immune from such relief. The R&R specifically concludes that:

(1) The claims against TDOC should be dismissed, because TDOC, as a state agency, is absolutely immune from suit under 42 U.S.C. § 1983 and from state tort claims, and none of the exceptions to sovereign immunity is applicable.

(2) The § 1983 claim against Dotson should be dismissed, because the only alleged fact supporting the claim is that Dotson affirmed the denial of three prison grievances filed by Hudson. (Doc. No. 36, at 40, 47 68; *see also* Doc. Nos. 37-8, 37-9, 37-10.) The Magistrate Judge concludes that this allegation is insufficient to show that Dotson was personally involved in the claimed deprivations of Hudson's constitutional rights so as to make him liable for those deprivations under § 1983. *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

(3) The IIED claim against Dotson should be dismissed, because allegations that Dotson upheld the denial of grievances related to other prison officials' conduct do not show that Dotson himself engaged in the type of "outrageous" or "utterly intolerable" behavior required under Tennessee law to give rise to an IIED claim. *See Z.J. v. Vanderbilt Univ.*, 355 F. Supp. 3d 646, 685 (M.D. Tenn. 2018) (quoting *Goldfarb v. Baker*, 547 S.W.2d 567, 569 (Tenn. 1977)).

(4) The negligence claim against Dotson, premised on the same allegations that Dotson denied Hudson's three grievance appeals, should be dismissed, because the plaintiff's factual allegations, even if deemed true, do not give rise to a reasonable inference that Dotson's conduct fell below the relevant standard of ordinary and reasonable care required of prison officials or that

the denials were the proximate cause or cause in fact of any injury to the plaintiff, as required to state a colorable negligence claim under Tennessee law. *See Tumminello v. Father Ryan High Sch., Inc.*, 678 F. App'x 281, 286 (6th Cir. 2017) (citing *West v. E. Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 550 (Tenn. 2005)).

The plaintiff filed lengthy Objections (Doc. No. 84), and the defendants filed a Response in Opposition to the Objections (Doc. No. 89).

## II. STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a]

general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

District judges generally will not entertain issues and arguments that appear for the first time in objections to a magistrate judge's report and recommendation. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Moore v. Prevo*, 379 F. App'x 425, 428 n.6 (6th Cir. 2010); *Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 & n.2 (6th Cir. 2010) (declining to review an issue that the district judge did not consider because it was not presented to the magistrate judge); *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *1 (6th Cir. May 5, 2010) (concluding that a plaintiff waived a claim by failing to raise it before the magistrate judge).

Finally, although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. ANALYSIS

Although the plaintiff's Objections are fifty-one pages long, he does not actually contest the factual or legal basis for the Magistrate Judge's recommendations. With respect to TDOC, the plaintiff admits that "you can't name the state as a defendant in federal court under § 1983. Nor can you name the state Department of Correction or any other state governmental agency." (Doc. No. 84, at 6 (citations omitted).) The plaintiff's Response to the Motion to Dismiss likewise "admit[ted] that with regards to TDOC, Plaintiff does not allege any specific right to recovery against TDOC." (Doc. No. 75, at 2.) The court finds that the plaintiff has not actually objected to the dismissal of his claims against TDOC. Moreover, the Magistrate Judge's finding that TDOC is absolutely immune from suit is based on settled case law. The court will accept and adopt the

legal analysis in the R&R and the recommendation that the claims against TDOC be dismissed based on sovereign immunity.

The plaintiff continues to argue that his claims against Dotson should be permitted to proceed, but his arguments—the vast majority of them not raised in his Response to the Motion to Dismiss—do not actually address the Magistrate Judge's findings or conclusions. Instead, the plaintiff largely argues about matters that are simply not relevant either to his actual claims or to the Magistrate Judge's analysis and recommendations. The court declines to consider the plaintiff's new arguments that could and should have been raised in his initial Response to the Motion to Dismiss.

Regardless, the court has considered the Amended Complaint and reviewed the Magistrate Judge's findings and recommendations *de novo* and concludes that the Amended Complaint fails to state a colorable claim for which relief may be granted against defendant Dotson, under § 1983 or state law, insofar as the claims against him are premised entirely on Dotson's having affirmed the denial of the plaintiff's prison grievances. The plaintiff's Objections are without merit.

## IV. CONCLUSION AND ORDER

For the reasons set forth herein, the R&R (Doc. No. 81) is **ACCEPTED** in its entirety. The Motion to Dismiss (Doc. No. 67) is **GRANTED**, and all claims against defendants TDOC and TDOC Assistant Commissioner Lee Dotson are **DISMISSED**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge