UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MATEEM HUDSON,<br><br>    Plaintiff,<br><br>v.<br><br>CORECIVIC et al.,<br><br>    Defendants. | Case No. 3:21-cv-00319<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This action arises out of pro se and *in forma pauperis* Plaintiff Mateem Hudson's incarceration at Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee. (Doc. No. 36.) This Order addresses Hudson's "motion for leave to file an amended complaint and directing court to issue a default judgment." (Doc. No. 118.) Defendants CoreCivic, Inc.,[1] the City of Hartsville, the County of Trousdale, TTCC Sergeant Nicole Buchmeier, former TTCC Warden Raymond Byrd, former TTCC Warden Martin Frink, Doctor Terrence Leveck, and TTCC Correctional Unit Manager Dana Thomas oppose Hudson's motion. (Doc. No. 136.) For the reasons that follow, Hudson's motion (Doc. No. 118) will be denied.

### I. Relevant Background

Hudson initiated this action on April 5, 2021, by filing a complaint under 42 U.S.C. § 1983, alleging that CoreCivic, Byrd, Health Services Administrator Josh Lyons, Thomas, and Assistant

---

[1] CoreCivic, Inc., is a private for-profit corporation that contracts with the Tennessee Department of Corrections (TDOC) to operate TTCC. *See generally Trousdale Turner Correctional Center*, Tenn. Dep't of Corr., https://www.tn.gov/correction/sp/state-prison-list/trousdale-turner-correctional-center.html (last visited May 25, 2023).

Warden Vince Vantell failed to prevent the spread of COVID-19 at TTCC, causing Hudson to contract COVID-19 and exacerbating Hudson's preexisting hernia.[2] (Doc. No. 1.) The Court granted Hudson's motion to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c), finding that Hudson had stated colorable state law negligence claims and Eighth Amendment conditions-of-confinement claims against CoreCivic and against Byrd and Thomas in their individual capacities. (Doc. Nos. 8, 9.) The Court dismissed Hudson's claims relating to his hernia as untimely and dismissed Hudson's claims against Lyons and Vantell for failure to state claims on which relief can be granted. (Doc. Nos. 8, 9.)

Hudson then filed a motion for leave to amend his complaint (Doc. No. 10), which the Court granted as unopposed (Doc. No. 32). The Court noted, however, that Hudson had not attached a proposed amended complaint to his motion as required by Local Rule 15.01 and ordered Hudson to file the amended complaint by February 2, 2022. (*Id.*) Hudson filed a motion for an extension of time (Doc. No. 34) and filed the amended complaint on February 27, 2022 (Doc. No. 36).

Hudson's amended complaint, which is the operative pleading in this action, included new claims under § 1983, state law, the Americans with Disabilities Act, and named several new defendants, including the Tennessee Department of Corrections (TDOC); Correct Care Solutions, LLC; Correctional Health Care Companies, Inc; the City of Hartsville; the County of Trousdale;

---

[2] Under the "prison mailbox rule[,] . . . a pro se prisoner's [pleading] is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002)). Courts applying the prison mailbox rule assume, "absent contrary evidence," that an incarcerated person handed over a pleading to prison authorities "on the date he or she signed [it]." *Id.* Hudson signed his complaint on April 5, 2021. (Doc. No. 1.) All references herein to Hudson's filings use the dates on which Hudson signed his filings.

CoreCivic Executives Damon T. Hininger, David M. Garfinkle, Todd J. Mollenger, and Harley G. Lappin; Buchmeier; TDOC Assistant Commissioner Lee Dotson; Frink; Leveck; TTCC Sergeant Julie McCarthy; and TTCC Unit Managers Ashleigh VanDyke and Jeffrey Wehr. (Doc. No. 36.) Hudson also included new allegations against Lyons. (*Id.*) The amended complaint addresses a number of issues arising from events that allegedly took place at TTCC between 2019 and January 2022. Specifically, Hudson alleges that the defendants denied him access to medical treatment for his hernia and high blood pressure; failed to protect him from sexual abuse; operated TTCC in an unsafe manner in which drug trafficking and Security Threat Group (STG) activity flourished, causing him to overdose on drugs; and made false and racially discriminatory reports against him, resulting in his removal from chronic care housing and placement in segregation, which allowed other incarcerated people stealing his belongings. (*Id.*)

TDOC and Dotson filed a motion to dismiss Hudson's federal claims against them under Rule 12(b)(6) for failure to state claims on which relief can be granted (Doc. No. 67), which the Court granted (Doc. Nos. 81, 93). The Court also screened and dismissed Hudson's state law claims against TDOC and Dotson. (Doc. No. 81, 93.) Hudson's § 1983, Americans with Disabilities Act, and state law claims against Correct Care Solutions, Correctional Health Care Companies, the City of Hartsville, the County of Trousdale, Buchmeier, Frink, Garfinkle, Hininger, Lappin, Leveck, Lyons, McCarthy, Mollenger, VanDyke, and Wehr remain pending.

Hudson filed the present motion on April 12, 2023, seeking to amend his complaint again "pursuant to Rule 15(d)" and arguing that the Court should enter default against the defendants if they do not answer or file a motion in response to his amended pleading. (Doc. No. 118.) Hudson

attached an eighty-page proposed supplemental complaint[3] to his motion with more than two-hundred pages of exhibits, including various TDOC policies and Hudson's TDOC medical records. The proposed supplemental complaint names at least eighteen new defendants and attempts to reinstate at least two defendants, Dotson and Vantell, whom the Court previously dismissed. (Doc. No. 118-1.) Hudson adds allegations that, while he was in TTCC's chronic care unit, prison officials failed to address violence, drug trafficking, and STG activity in the unit, leading to STG members attacking Hudson at knifepoint in August 2022. (*Id.*) Hudson alleges that, after the attack, the defendants improperly placed him in segregation and failed to process his emergency grievance or give him the hearing to which he was entitled. (*Id.*) He also alleges that, beginning in February 2023, the defendants prevented him from practicing his religion. (*Id.*) Hudson seeks to add several new claims under 42 U.S.C. §§ 1983, 1985, and 1986; the Administrative Procedures Act; and state law. (*Id.*)

CoreCivic, the City of Hartsville, the County of Trousdale, Buchmeier, Byrd, Frink, Leveck, and Thomas responded in opposition to Hudson's motion, arguing that Hudson has not complied with Federal Rule of Civil Procedure 15(a)(2), which requires seeking consent from the opposing parties or the Court's permission before filing an amended pleading. (Doc. No. 136.) Hudson has not filed an optional reply.

**II.      Legal Standard**

Federal Rule of Civil Procedure 15(d) provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

---

[3]      Hudson titles the pleading a "first amended complaint in the interest of the public pursuant to 28 U.S.C. § 1331. (Doc. No. 118-1.) Because Hudson makes the motion under Rule 15(d), the pleading is properly titled a proposed supplemental complaint.

Fed. R. Civ. P. 15(d). Rule 15(d) gives district courts "broad discretion in allowing a supplemental pleading." Fed. R. Civ. P. 15 advisory committee's note to 1963 amendment. "In exercising its discretion" to grant or deny a motion to file a supplemental pleading a "[c]ourt may consider such factors as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'" *United States v. Ohio*, No. 2:08-CV-00475, 2014 WL 1308718, at *3 (S.D. Ohio Mar. 28, 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Rule 15's general direction to grant leave to amend "freely . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), applies to motions to supplement under Rule 15(d). *Ne. Ohio Coal. for the Homeless v. Husted*, No. 2:06-CV-00896, 2015 WL 13034990, at *6 (S.D. Ohio Aug. 7, 2015), *aff'd*, 837 F.3d 612 (6th Cir. 2016).

**III.     Analysis**

CoreCivic, the City of Hartsville, the County of Trousdale, Buchmeier, Byrd, Frink, Leveck, and Thomas argue that Hudson's motion should be denied because Hudson filed an amended complaint without seeking leave of the Court or consent from the parties before filing, as required by Rule 15(a)(2). (Doc. No. 136.) This argument, however, does not recognize that Hudson's motion is captioned as one "for leave to file an amended complaint." (Doc. No. 118.) Further, although Hudson titles his motion as one for leave to amend, he makes the motion under Rule 15(d), which addresses supplemental pleadings "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also* 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1504 (3d ed. updated April 2023) ("Amended and supplemental pleadings differ in [that the] former relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier

pleading," while "the latter deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings.")

Considering Hudson's motion as one to supplement his amended complaint under Rule 15(d), the Court finds that leave to do so should be denied. First, other than titling his motion one to file an amended complaint and referencing Rule 15(d) in the motion's introduction, Hudson makes no argument as to why he should be allowed to file a supplemental pleading. (Doc. No. 118.) Instead, Hudson's motion appears to address the review of evidence, the defendants' burden to respond to his complaint, and the exhaustion of administrative remedies. (*Id.*) Nothing stated in the motion supports allowing Hudson to supplement his amended complaint.

Further, allowing Hudson to supplement his amended complaint at this stage of the case with the multiple new defendants, allegations, and causes of action he proposes would cause undue delay and prejudice the defendants who have appeared in the case. *See, e.g.*, *Martinez v. Hiland*, No. 5:13-CV-P182, 2017 WL 939009, at *2 (W.D. Ky. Mar. 9, 2017) (denying motion to amend/supplement when plaintiff sought to add new claims and new defendants over three years into litigation and after summary judgment had been briefed); *Cooper v. Bower*, No. 5:15-CV-P249, 2017 WL 3389521, at *2 (W.D. Ky. Aug. 4, 2017) (denying motion to supplement when lawsuit had been pending for a year and a half, plaintiff had already amended and/or supplemented his complaint at least once, and parties were in the process of discovery and had briefed motion for summary judgment); *Martinez v. Vondewigelo*, No. 5:13-CV-P132, 2016 WL 2587940, at *3 (W.D. Ky. May 3, 2016) (denying motion to supplement when plaintiff filed complaint over two years prior, court had already granted motion to amend, and defendant had filed a motion for summary judgment). Indeed, courts have specifically found that the presentation of "new legal theor[ies]" at a late phase of litigation weighs against granting a Rule 15(d) motion. *Marshall v.*

*City of Columbus*, No. CIV.A. 2:05-CV-484, 2008 WL 4334616, at *2 (S.D. Ohio Sept. 17, 2008) (denying motion to supplement when plaintiff was asserting new legal theory when case was over three years old, plaintiff had already amended complaint, and discovery had progressed to advanced stage). *See also Cage v. Harry*, No. 1:09-CV-512, 2010 WL 1254562, at *1 (W.D. Mich. Mar. 26, 2010) ("The purpose of supplemental pleadings under Rule 15(d) is to allow a plaintiff to update his complaint to add allegations of later events relating to his original complaint . . . not [to] allow a plaintiff to add new claims relating to new events . . . involving not the original defendants but a whole new cast of characters.")

This case has been pending for more than two years and has a significant procedural history. Hudson filed his original complaint on April 5, 2021. (Doc. No. 1.) The Court has screened Hudson's original complaint, allowing certain claims to proceed (Doc. Nos. 8, 9); granted Hudson's motion for leave to file an amended complaint (Doc. No. 10); granted certain defendants' motion to dismiss Hudson's claims against them (Doc. Nos. 81, 93); and ordered Hudson to serve the unserved defendants named in his amended complaint (Doc. No. 115). Hudson has filed a motion for a preliminary injunction (Doc. No. 83) and a motion for summary judgment (Doc. No. 102), both of which are fully briefed and pending. Hudson seeks to add at least eighteen new defendants, assert several new claims, and advance "new legal theor[ies][.]" *Marshall*, 2008 WL 4334616, at *2. His motion must be denied because, at this stage in the proceedings, incorporating the supplemental pleading Hudson proposes would cause undue delay in the litigation and prejudice the remaining defendants ability to defend against Hudson's pending claims.

Accordingly, Hudson's motion for leave to supplement his complaint under Rule 15(d) (Doc. No. 118) will be denied. Hudson's amended complaint (Doc. No. 36) remains the operative pleading in this action.

Hudson does not argue for entry of default under Rule 55(a) in his motion—only asserting that default should be available if the defendants fail to respond to his complaint—and the Court finds he has not moved for relief under Rule 55.

## IV. Conclusion

For the foregoing reasons, Hudson's motion for leave file a second amended complaint and for default judgment (Doc. No. 118) is DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge