# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **MATEEM HUDSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00319** |
| | ) | **Judge Aleta A. Trauger** |
| **CORECIVIC, INC. et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

Before the court is *pro se* plaintiff Mateem Hudson's "Rules 59 and 60 Standards of Review Motion" (Doc. No. 104), which seeks the court's reconsideration of that portion of the Memorandum and Order (Doc. No. 93) granting the Motion to Dismiss (Doc. No. 67) filed by defendant Tennessee Department of Correction ("TDOC") Assistant Commissioner Lee Dotson and dismissing all claims against him.[1] The court construes the motion as a motion to reconsider.

## I.    STANDARD OF REVIEW

Although the plaintiff relies on Rules 59 and 60, the motion is more appropriately deemed as falling within the purview of Rule 54, because the challenged ruling was an interlocutory order rather than a judgment. Under Rule 54, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry

---

[1] The court also dismissed the claims against TDOC, but Hudson does not challenge that part of the ruling. Although the Motion to Dismiss addressed only the federal claims asserted in the Amended Complaint (Doc. No. 36), the court dismissed the state law claims against Dotson under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as well.

of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Sixth Circuit recognizes that "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)); *see also Mallory*, 922 F.2d at 1282 ("A district court may modify, or even rescind, such interlocutory orders."); *In re Saffady*, 524 F.3d 799, 802–03 (6th Cir. 2008) (holding that a district court can vacate interlocutory orders prior to entry of final judgment, even *sua sponte*).

The standard governing a Rule 54 motion does not differ greatly from the standard that applies to Rule 59 motions. "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959; *see also Adkisson v. Jacobs Eng'g Group, Inc.*, 527 F. Supp. 3d 961, 970 (E.D. Tenn. 2021) ("The moving party bears the burden of showing that reconsideration under Rule 54(b) is warranted, and that some harm or injustice would result if reconsideration were denied."), *aff'd on other grounds*, 35 F.4th 421 (6th Cir. 2022)).

## II.    DISCUSSION

Hudson asserts that reconsideration of the Order dismissing the claims against defendant Dotson is required to prevent a manifest injustice and because the court made a clear error of law. He asserts that the court erred in construing the claims against Dotson as premised solely upon Dotson's upholding the denial of three prison grievances filed by Hudson, "rather than the factual denial of due process claims filed by Hudson." (Doc. No. 104, at 2.)

The court has reviewed the Amended Complaint (the operative pleading) (Doc. No. 36) and its previous ruling. The court remains persuaded that the only mentions of any action by

Dotson individually are in connection with his upholding the denial of the plaintiff's grievances. (*See* Doc. No. 36 ¶¶ 193–94, 240–42 (at pp. 40, 47), and p. 68.) The only other mention of Dotson is on page 37 of the Amended Complaint, where the plaintiff states that he was "denied equal protection of the law by . . . TDOC Commissioner Lee Dotson by [his] continued practice and pattern of deliberate indifference to Plaintiff Hudson's mental health needs and allowed him to be deprived of his bodily integrity." (Doc. No. 36 ¶ 181.) This statement amounts to a legal conclusion rather than a factual allegation, as it does not say *how* Dotson was involved in this alleged denial of equal protection.

The court finds that the plaintiff has not established a basis for reconsideration of the Memorandum and Order dismissing the claims against Dotson.

## III.  CONCLUSION AND ORDER

For the reasons set forth herein, the "Rule 59 and 60 Standards of Review Motion of Plaintiff" (Doc. No. 104), construed as a Rule 54 motion to reconsider, is **DENIED**.

It is so **ORDERED**.

_____

ALETA A. TRAUGER
United States District Judge