## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **MATEEM HUDSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00319** |
| | ) | **Judge Aleta A. Trauger** |
| **CORECIVIC, INC. et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Before the court are *pro se* plaintiff Mateem Hudson's Objections (Doc. No. 181) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 176), which recommends that the plaintiff's Motion for Summary Judgment (Doc. No. 102) (which the Magistrate Judge construes as a motion for partial summary judgment) be denied. The court finds that a response to the Objections is not necessary.

As set forth herein, the Objections will be overruled, and the plaintiff's Motion for Summary Judgment will be denied, on the basis that the plaintiff has failed to establish an absence of a material factual dispute or that he is entitled to judgment as a matter of law as to any of the claims that are the subject of his Motion for Summary Judgment.

## I.      STANDARD OF REVIEW

### A.      Review of Objections to a Report and Recommendation

Within fourteen days after being served with a report and recommendation any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R.

Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

District judges generally will not entertain issues and arguments that appear for the first time in objections to a magistrate judge's report and recommendation. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Moore v. Prevo*, 379 F. App'x 425, 428 n.6 (6th Cir. 2010); *Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 & n.2 (6th Cir. 2010) (declining to review an issue that the district judge did not consider because it was not presented to the magistrate judge); *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *1 (6th Cir. May 5, 2010) (concluding that a plaintiff waived a claim by failing to raise it before the magistrate judge).

Finally, although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### B.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, a court must grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law[,]" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (citation omitted); *see also Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 282 (6th Cir. 2012) ("Once a moving party has met its burden of production, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))). The parties "must support" their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or, alternatively, by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A)–(B). Courts must view the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). However, if the moving party carries its initial burden, the non-moving party must show more than "[t]he mere existence of a scintilla of evidence in support of" his or her position. *Anderson*, 477 U.S. at 252. In order to proceed to trial, "there must be evidence on which the jury could reasonably find" for the non-moving party. *Id.*

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Hudson, an inmate incarcerated at the Turner Trousdale Correctional Center ("TTCC"), in Hartsville, Tennessee, initiated this lawsuit in April 2021 by filing a Complaint (Doc. No. 1) asserting claims under 42 U.S.C. § 1983 and state law against various prison officials and CoreCivic, Inc. ("CoreCivic"), which operates TTCC. The court entered an order allowing some of the claims against some of the defendants to proceed and referred the case to the Magistrate Judge to enter a scheduling order for the management of the case and to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1). (Doc. Nos. 8, 9.) In accordance with that directive, the Magistrate Judge entered a scheduling order in October 2021. (Doc. No. 31.)

After having been granted leave to do so, Hudson filed his Amended Complaint (Doc. No. 36) in March 2022, asserting numerous new claims against new defendants. After several of the existing defendants sought to extend the dispositive motion deadline in light of the amended pleading, the Magistrate Judge vacated the scheduling order altogether, indicating that an amended scheduling order would be entered once the additional defendants named in the Amended Complaint had appeared in the action. (Doc. No. 46.) As the Magistrate Judge notes in a recently filed Report and Recommendation, many of the defendants named in the Amended Complaint have still never been served. (*See* Doc. No. 183.) No amended scheduling order has been entered

and, despite the fact that this case has been pending for almost three years, no trial date has ever been set.

The Amended Complaint asserts claims under 42 U.S.C. § 1983 arising out of the plaintiff's incarceration at TTCC. As relevant here, the plaintiff alleges that, while incarcerated at TTCC, he was denied adequate medical care for a hernia, was exposed to COVID-19, overdosed on illegal narcotics, was subjected to retaliation by TTCC officials for his having "exposed" himself in his cell, and also suffered retaliation for filing numerous grievances. (*See generally* Doc. Nos. 1, 36.) Based on these allegations, Hudson asserts that his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution were violated by defendants CoreCivic; Wellpath, LLC ("Wellpath") (formerly Correct Care Solutions);[1] Correctional Health Care Companies, ("CHC"); the City of Hartsville; Trousdale County, Tennessee; TTCC Case Manager Nicole Buchmeier; former TTCC Wardens Raymond Byrd and Martin Frink; Dr. Terrence Leveck; former TTCC Unit Manager Dana Thomas; former TTCC Unit Manager Ashleigh VanDyke; TTCC Unit Manager Jeffrey Wehr; CoreCivic executives Damon T. Hininger, David M. Garfinkle, Todd J. Mollenger, and Harley G. Lappin; TTCC Health Services Administrator Josh Lyons; and TTCC Sergeant Julie McCarthy. (Doc. No. 36.) The Amended Complaint also asserts claims against Tennessee Department of Correction ("TDOC") and TDOC Assistant Commissioner Lee Dotson, which were dismissed in February 2023. Hudson has not returned completed service packets for Garfinkle, Mollenger, Lappin, Lyons, or Wehr; those defendants have neither been served nor entered an appearance in this case. (*See* Doc. No. 183.) While Hudson returned a completed service packet for VanDyke, the U.S. Marshals Service has not been able to effect service of process on her. (Doc. Nos. 54, 138.)

---

[1] Wellpath is a private, for-profit corporation that contracts with TDOC to provide healthcare services to its prisons. *See generally* https://wellpathcare.com/ services/.

In March 2023, Hudson filed his Motion for Summary Judgment, seeking judgment on his claims against CoreCivic, Wellpath, CHC, Hartsville, Trousdale County, Buchmeier, Byrd, Frink, Leveck, Thomas, VanDyke, Wehr, Hininger, Garfinkle, Mollenger, Lappin, Lyons, and Dotson. (Doc. Nos. 102, 103.) Wellpath responded in opposition to the motion, arguing that Hudson had failed to demonstrate the absence of a genuine dispute of material fact, because the plaintiff did not support his motion with citations to evidence in the record, as required by Rule 56(c)(1). (Doc. No. 110.) Defendants CoreCivic, Hartsville, Trousdale County, Buchmeier, Frink, Leveck, Byrd, and Thomas (collectively, the "CoreCivic defendants") filed a separate Response in opposition to the plaintiff's motion, supported by, among other things, sworn Declarations from Buchmeier, Byrd, Frink, Leveck, Thomas, and CoreCivic grievance coordinator Elizabeth Lopez. (Doc. Nos. 122, 124–29.) The plaintiff filed a Reply, addressed only to the CoreCivic defendants' Response. (Doc. No. 130.)

The Magistrate Judge issued the R&R, setting forth a comprehensive summary of the claims in the Amended Complaint, the procedural history of the case, the evidence in the record, and the parties' arguments. (Doc. No. 176.) The R&R first finds that the motion is procedurally deficient under this Court's Local Rules and Federal Rule of Civil Procedure 56—by, among other things, not being accompanied by a coherent memorandum of law or a statement of undisputed material facts supported by specific record citations—and could be denied on that basis alone. (Doc. No. 176, at 20.) The R&R does not actually recommend dismissal solely on that basis, however. The R&R also notes that, insofar as Hudson also seeks summary judgment on his claims against Garfinkle, Mollenger, Lappin, Lyons, VanDyke, and Wehr, the motion must be denied, because the court "cannot grant summary judgment against defendants who have not been served

with process." (Doc. No. 176, at 19 (quoting *Fowler v. Tyndale Pub. House*, No. 09-10272, 2009 WL 2488057, at *1 (E.D. Mich. Aug. 12, 2009)).)

In addition, the R&R addresses the plaintiff's claims against the other defendants on their merits, construing the Motion for Summary Judgment as a motion for partial summary judgment, insofar as it only directly addresses the plaintiff's claims that (1) CoreCivic, CHC, Byrd, Frink, and Leveck were deliberately indifferent to the plaintiff's serious medical needs in violation of the Eighth Amendment when they denied him medical treatment and surgery for a hernia in March 2019; (2) CoreCivic, Thomas, and Byrd were deliberately indifferent to the plaintiff's risk of exposure to COVID-19; (3) CoreCivic and Frink are liable for failing to protect the plaintiff from the danger posed by illegal drugs at TTCC, which resulted in his overdosing on fentanyl supplied by his cellmate; (4) defendant Buchmeier violated Hudson's First Amendment rights by retaliating against him for constant acts of indecent exposure by placing him with a cellmate who was a known homosexual, thus increasing the plaintiff's risk of sexual victimization; and (5) Buchmeier violated Hudson's First Amendment rights by removing him from chronic care needs housing and placing him in segregation, in retaliation for his filing numerous grievances.

With regard to these claims, the Magistrate Judge recommends that the plaintiff's motion be denied, for the following reasons:

(1) Hudson has not pointed to record evidence sufficient to establish the absence of a genuine issue of material fact that defendant Leveck knew of and disregarded a substantial risk of serious harm to Hudson with respect to his hernia treatment (Doc. No. 176, at 24);

(2) Hudson is not entitled to summary judgment on his individual capacity claims against Byrd and Frink for deliberate indifference to his serious medical needs related to the hernia, because the plaintiff has offered no evidence of their personal involvement in his medical care and,

therefore, has not carried his initial burden of establishing that there are no genuine issues of fact that Byrd and Frink knew of and disregarded a substantial risk of serious harm to Hudson;

(3) the plaintiff is not entitled to summary judgment on his official-capacity claims against Byrd and Frink and the claims against CoreCivic and CHC related to the purported denial of medical care related to the hernia because he offers no actual evidence—aside from conclusory allegations in his pleadings—of the existence of company-wide policies of denying necessary medical treatment based on costs rather than medical judgment;

(4) material factual disputes preclude summary judgment on the plaintiff's claim that defendant Thomas did not "respond[] reasonably to the risk posed by COVID-19" (Doc. No. 176, at 29) and on his claim that Byrd failed to implement procedures to prevent the spread of COVID-19;

(5) the plaintiff is not entitled to summary judgment on his COVID-related claim against CoreCivic, because he has not shown the absence of a material factual dispute as to whether CoreCivic implemented reasonable protocols and procedures to limit the spread of COVID-19 at TTCC or failed to adequately train staff to follow those procedures;

(6) regarding his drug overdose, the plaintiff is not entitled to summary judgment on his claim against defendant Frink, because he fails to point to any evidence in the record showing that Frink was specifically aware of a heightened risk to the plaintiff or engaged in any conduct that led to the overdose;[2]

(7) similarly, Hudson is not entitled to summary judgment on his claim against CoreCivic, because he has not "pointed to any record evidence"—as distinct from "[c]onclusory statements

---

[2] The plaintiff also continues to argue that defendant Dotson is liable for his drug overdose, but the claims against Dotson have already been dismissed in their entirety. (*See* Doc. Nos. 93 (granting Motion to Dismiss) and 173 (denying construed motion to reconsider).)

unadorned with supporting facts"—to establish the existence of a "policy or custom that caused his overdose" (Doc. No. 176, at 37 (quoting *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009)); and

(8) the plaintiff is not entitled to summary judgment on his First Amendment retaliation claims against Buchmeier because (a) "sexual misconduct is not protected conduct" (Doc. No. 176, at 38 (quoting *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012))), and (b) Hudson has not provided evidence to support the existence of a causal connection between his filing of grievances in 2019 and 2020 and Buchmeier's decision to move him out of the chronic care unit more than a year later.

## III.    DISCUSSION

The plaintiff raises a number of objections in his "Specific Objections" to the R&R, none of which directly challenges the Magistrate Judge's findings that, with respect to each of his claims, he has either failed to present sufficient evidence to make out a *prima facie* claim or has failed to show the absence of a material factual dispute. He continues, in essence, to insist that his version of the facts must be accepted as true, without addressing the defendants' various Declarations that refute his allegations. Because the objections are entirely conclusory and, in some instances, focus on claims not at issue in this case, they are not "properly" made under Rule 72(b)(3).

Regardless, the court has considered the plaintiff's Motion for Summary Judgment and the documents filed in support of the motion, as well as the defendants' Responses and the evidentiary material filed in support of their responses. Viewing the evidence in the light most favorable to the defendants, as the court must in the context of ruling on a motion for summary judgment filed by the plaintiff, the court finds that the plaintiff has not established that there are no material factual disputes or that he is entitled to judgment as a matter of law on any of his claims. Having reviewed

the Magistrate Judge's findings and recommendations *de novo*, the court finds the defendants' Objections to be without merit. The Objections, accordingly, will be overruled, and the Motion for Summary Judgment, construed as a motion for partial summary judgment, will be denied.

The court, however, stops short of accepting the reasoning of the R&R in its entirety. In particular, the court rejects the R&R's assertions that "Hudson's amended complaint is not verified and cannot be considered as evidence in support of his summary judgment motion." (Doc. No. 176, at 3 n.3; *see also id.* at 19.) This is an inaccurate statement of the law, as it disregards the actual language of Federal Rule of Civil Procedure 56. Rule 56(c)(1)(A) does not require that documents cited in support of a motion for summary judgment be sworn or that they be in a form admissible in evidence. Moreover, under subsection (c)(2), a party opposing summary judgment "may object that the material cited to support or dispute a fact *cannot* be presented in a form that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2), not that it *is not* in a form admissible in evidence. A party relying on his own statement of fact in an unverified pleading obviously *could* present that statement in a form admissible in evidence at trial simply by testifying, under oath in open court, to the same statement. Thus, a more legitimate basis for disregarding "facts"—sworn or not—offered in support of summary judgment is that they are not actually statements of fact but are, instead, "[c]onclusory statements unadorned with supporting facts." *Alexander*, 576 F.3d at 560. The plaintiff's pleadings, both the original Complaint and the Amended Complaint, are plagued with such conclusory, unsupported assertions, none of which needs to be accepted as true for purposes of ruling on a motion for summary judgment.

## IV.   CONCLUSION AND ORDER

For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's recommendation in the R&R (Doc. No. 176) that the plaintiff's Motion for Summary Judgment be

denied. The plaintiff's Objections (Doc. No. 181) are **OVERRULED**, and his Motion for Summary Judgment (Doc. No. 102) is **DENIED.**

The Order (Doc. No. 182) directing the defendants to file a response to the plaintiff's Objections is **VACATED**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge